BOON-ISELEY DRUG COMPANY v. R. A. DOUGHTON, COMMISSIONER OF
REVENUE OF NORTH CAROLINA.

(Filed 3 June, 1925.)

Taxation—Gifts—Chance—Gaming—License—Statutes.

> An advertising arrangement by which the purchaser of certain merchandise at a store by the payment of one cent in addition to the price asked for one article may obtain two, is a definite proposition free from the element of chance or gambling, and does not fall within the provisions of our revenue statute taxing any person or establishment offering articles for sale and proposing to present the purchaser with a gift or prize, and is not within the intent and meaning of the criminal law.

CONTROVERSY without action (C. S., 626), heard by *Daniels, J.,* at May Term, 1925, of the Superior Court of Wake County, on appeal from a justice of the peace, upon the following facts:

1. The plaintiff is a corporation of the State of North Carolina, having its principal office and place of business in the city of Raleigh, in Wake County, and conducts a retail drug store and merchandise of the kind and character usually sold in a first-class drug store.

2. The United Drug Company is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts, having its principal place of business in the city of Boston, in the Commonwealth of Massachusetts. It manufactures and sells medicinal preparations, toilet articles, candy, rubber products, stationery and merchandise of various kinds, which, however, are not sold generally or promiscuously, but such sales are restricted to one druggist in any one town in North Carolina, and such druggist is required to be owner and holder of one or more shares of its capital stock. Said company does not sell any goods, wares or merchandise in North Carolina to any merchant or druggist except one who is its stockholder and especially authorized by contract with it to deal in its goods.

3. The plaintiff is the duly designated agent for the sale of the products of said United Drug Company in the city of Raleigh, and has the exclusive right to sell them therein. It is the owner of twelve shares of the capital stock of said company, and is its selling agent, appointed by contract, a copy of which is attached and made a part of this statement.

4. For more than 18 years, prior to the submission of this controversy, said United Drug Company has permitted its stockholder-agents, not more than twice in any one year, to make special sales of its goods, at which time they are permitted to sell certain articles manufactured and furnished by said company in the following way, to wit: They may sell to a customer one article of merchandise of a particular kind at the

regular retail price, or two of such articles of the same kind to a customer for the regular price of one plus one cent.

5. Each of such special sales authorized to be made generally embraces about three hundred articles of merchandise selected from approximately twenty thousand articles manufactured and distributed by said company: This method of special sales of merchandise was devised and is employed by said drug company and the plaintiff as a means of advertising the products of said company. The goods sold by said company to the plaintiff and its other stockholder-agents to be offered and sold by them at these special sales are sold by it to them at greatly reduced prices, and the difference between such reduced prices and the usual prices therefor is charged by it to advertising expense.

6. The plaintiff has no competitor in the city of Raleigh in the sale of the goods of said United Drug Company, for the reason that no other druggist or merchant in said city is supplied with them, or has the right to purchase from said drug company.

7. The plaintiff desires and proposes to conduct a sale of the kind and character hereinbefore referred to, which sales are generally known and advertised as "The Original Rexall One Cent Sale," the word "Rexall" being the trade mark and trade name applied by the United Drug Company to all of its products, under which name they are manufactured and sold, said trade mark and trade name being the exclusive property of said drug company.

8. Section 53 of the Revenue Law of North Carolina, being chapter 101 of the Public Laws of 1925, imposes a tax as follows: "On any person or establishment offering any article for sale and proposing to present purchasers with any gift or prize as an inducement to purchase, twenty-five dollars ($25.00); *Provided,* that this section shall not be construed as giving license or relieving such person or establishment from any penalties incurred by violation of the criminal law."

9. The plaintiff has been notified by the defendant that it cannot lawfully conduct the sale above referred to unless and until it pays to the defendant, for the use of the State of North Carolina, the sum of $25.00, being the tax provided in the foregoing section of said revenue law, and because of the penalties denounced by said chapter—of the Public Laws of 1925, for failure to pay the taxes imposed by it the plaintiff has paid to the defendant the sum of $25.00 under written protest, protesting that it is not subject to the tax, and that said act does not contemplate a tax upon sales of the kind and character hereinbefore referred to; that to exact said sum from it is unlawful and illegal, and amounts to a taking of its property without due process of law in violation of the provisions of the Constitution of the United States and of the State of North Carolina, and to denying to the plaintiff the equal

46—189

protection of the law in violation of the Constitution of the United States, and, but for this submission of this controversy without action, the plaintiff would sue the defendant to recover the amount so paid, but in order to save costs and trouble and to expedite the determination of the controversy existing between it and the defendant, the parties hereto have agreed to submit their controversy in this way and to ask the decision of the Court as to whether or not, upon the foregoing statement of facts, the plaintiff is required to pay the tax hereinbefore referred to, and if not that it have judgment against the defendant for the sum of $25.00, paid by him as aforesaid.

In the Superior Court it was adjudged that the plaintiff take nothing by its action and that the defendant go without day and recover his cost. The plaintiff excepted to the judgment and appealed.

*Fuller & Fuller for plaintiff.*

*Attorney-General Brummitt and Assistant Attorneys-General Nash and Harwood for defendant.*

ADAMS, J. At the session of 1866-1867 the General Assembly imposed the following privilege tax under Schedule B of the Revenue Act: "On all gift enterprises, or any person or establishment offering any article for sale, and proposing to present purchasers with any gift or prize, as an inducement to purchase, within the limits of the State, ten dollars for each day such person or establishment continues its operation. This tax shall not be construed to relieve such persons or establishment from any penalties incurred by violation of law." Laws 1866-'67 ch. 72, Schedule B, sec. 7. In substance, but in varying phraseology, this statute was biennially reënacted and retained until modified by the last Legislature so as to read as follows: "On any person or establishment offering any article for sale and proposing to present purchasers with any gift or prize as an inducement to purchase twenty-five dollars ($25); *Provided,* that this section shall not be construed as giving license or relieving such person or establishment from any penalties incurred by violation of the criminal law." Revenue Act, 1925, sec. 52. The material change is the omission of the words "all gift enterprises."

On 18 October, 1922, the plaintiff contracted to sell certain drugs and articles of merchandise as the "stockholder-agent" of the United Drug Company. The plaintiff is permitted not more than twice a year, as a means of advertising the products of the United Drug Company, to sell to a customer one article of merchandise of a particular kind at the regular retail price or two articles for the regular price of one plus one cent. When the plaintiff proposed to conduct a sale in which two articles should be sold in this way and upon these terms the defend-

ant demanded payment of the prescribed tax on the ground that such sale would constitute a "gift" or "prize" within the meaning of the statute. The plaintiff paid the tax under protest and seeks in this suit to recover the amount paid. Whether the defendant's position can be maintained or whether the plaintiff is entitled to recover is the question presented for decision.

In *Winston v. Beeson,* 135 N. C., 271, the subject is incidentally discussed, though the decision turned upon the construction of another statute. The charter of the city of Winston imposed a license tax on "each gift enterprise or lottery" within the corporate limits, and it was insisted on behalf of the city that the sale of trading stamps was a gift enterprise. The Court accepted Black's definition of "gift enterprise" (Law. Dic. 540) as "a scheme for the division or distribution of certain articles of property, to be determined by chance, among those who have taken shares in the scheme."

Although applying the doctrine of *noscitur a sociis* and saying that the word "lottery" signifies a plan for the distribution of prizes, or for obtaining money or goods by chance, the Court declined to be circumscribed by this doctrine and declared: "It would seem plain from the connection in which the words are used, and also by the very use of the words themselves, that the legislature intended to tax only those enterprises, schemes, and offers of bargains which involve substantially the same sort of gambling upon chances as in any other kind of lottery, and which appealed to the disposition or propensity for engaging in hazards and chances with the hope that luck and good fortune may give a good return for a small outlay. The provision refers to gifts or prizes, the precise nature of which is not known at the time, and to cases in which the element of uncertainty is always present. It is restricted therefore to the kind of enterprises which appeal to the gambling instinct." These words, it should be noted, do not refer exclusively to the charter of the city of Winston. *Mr. Justice Walker* had before him the Revenue Act of 1903, ch. 247, sec. 51, and the Revenue Act of 1891, ch. 323, sec. 15, and he construed in language easily to be understood the words "gift" and "prize" which, closely associated with "gift enterprise," have been retained in every Revenue Act since 1866. In like manner with a gift enterprise they import the "element of uncertainty" and "appeal to the gambling instinct." This conclusion, we think, is fortified by the proviso appearing in the section before us, and in the sections previously enacted, that the statute shall not be construed as relieving such person or establishment from any penalties incurred by violation of the criminal law (Rev. and Mach. Act, 1925, sec. 53) and by section 81 which provides that nothing in the act shall be construed to apply to a manufacturer or to a merchant who sells the goods of such

manufacturer from offering to present to the purchaser or customer a gift of certain value as an inducement to purchase such goods. A gift of this kind is deemed a legitimate method of advertising goods and attracting customers.

In the several Revenue Acts in which they are used the terms "gift enterprise" and "gift" or "prize," are so closely associated that, as suggested in *Winston v. Beeson, supra,* they limit and explain each other, and indicate the nature or character of the "enterprise" or the "gift or prize" upon which the privilege tax is laid. If the statute as repeatedly enacted applied to gifts or prizes the precise nature of which was not known and to cases in which the element of uncertainty was always present, none the less does it now apply to such gifts or prizes because the words "gift enterprise" have been omitted from the present statute.

In the sale proposed by the plaintiff we see no such element of chance or uncertainty as appeals to the gambling instinct, no such temptations as lure the unwary into hidden snares. Whether the sale of one of two similar articles for a penny be denominated a gift or a prize the purchaser knows precisely how much he is paying and what he is getting and the seller parts with precisely what he has offered.

In our opinion the plaintiff is not subject to the tax imposed and is entitled to judgment for the tax paid.

The judgment is therefore

Reversed. ·